UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60831-CIV-RUIZ/STRAUSS

**FLG TECHNICS, INC.**,

    Plaintiff,

v.

**AEROSPACE PRECISION, INC.**,

    Defendant.
_____/

## ORDER ON MOTION TO COMPEL POST-JUDGMENT DISCOVERY

**THIS CAUSE** has come before the Court upon Plaintiff/Judgment Creditor's ("Judgment Creditor's") Motion to Compel Post-Judgment Discovery ("Motion to Compel"). (DE 93). District Judge Rodolfo A. Ruiz has referred to me all post-judgment discovery matters pursuant to 28 U.S.C.§ 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida ("Referral").[1] (DE 97). The Motion to Compel requests an order compelling Defendant/Judgment Debtor Aerospace Precision, Inc.'s ("Judgment Debtor's") discovery responses within five (5) days of the entry of this order. (DE 93). Specifically, the Motion to Compel states that Judgment Debtor has not provided a completed Form 1.977.[2] *Id.* Judgement Debtor failed to file a response to the Motion to Compel, and the time to so has now

---

[1] The Referral states that the parties shall not file any written discovery motions without my consent but will, instead, schedule the matter for a hearing pursuant to my Discovery Procedures Order. (DE 97 at 1). Here, the Motion to Compel was entered prior to the Referral. Therefore, I address the matter on the papers.

[2] Although the prayer for relief references "discovery responses," the only specific discovery request that the Motion to Compel identifies pertains to Form 1.977. Therefore, the Court only addresses the completion of Form 1.977.

passed.³ Therefore, the Motion to Compel is ripe for review. For the reasons stated herein, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as discussed below.

## I. Background

The case arises from Judgment Creditor's action to collect from Judgment Debtor for the modification of certain airline parts – specifically, thrust reversers. (DE 1-1). Judgment Debtor filed a counterclaim. (DE 55). On March 31, 2020, the parties reached a settlement agreement and filed a joint stipulation for dismissal with prejudice requesting that the Court retain jurisdiction to enforce the settlement agreement for twelve (12) months. (DE 84). On April 2, 2021, Judgment Creditor filed a motion for final judgment for breach of the settlement agreement. (DE 85). The District Court issued an Order to Show Cause on April 21, 2021 for Judgment Debtor to show cause why the motion for final judgment should not be granted by default. (DE 86). On May 27, 2021, the District Court entered a Final Default Judgment in the amount of $122,500.00 against Judgment Debtor in favor of Judgment Creditor. (DE 91). The Final Default Judgment ordered Judgment Debtor to "complete under oath the Fla. R. Civ. P. Form 1.977 . . . and serve it on the Plaintiff's/Judgement creditor's attorney, David M. Glassberg, no later than 45 days after the date of this final judgment, unless the judgment is satisfied, or post-judgment discovery is stayed" ("Form 1.977"). *Id.* Judgment Creditor states that it served the Final Default Judgment with

---

³ Because Judgment Debtor filed no response, the relief requested may also be granted by default under Local Rule 7.1. *See* S.D. Fla. L.R. 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.").

attachment Form 1.977 on counsel for the Judgment Debtor on June 3, 2021 and that Judgment Debtor has failed to respond to post-judgment discovery requests.[4] (DE 93).

## II. Legal Standards

The scope of discovery in aid of execution is provided by Rule 69(a), which states:

> (1) *Money Judgment; Applicable Procedure*. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) *Obtaining Discovery*. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a); *see also Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4613384, at *3 (S.D. Fla. Aug. 19, 2016) (citing Florida Rule of Civil Procedure 1.560 as the applicable Florida law equivalent).

Florida Rule of Civil Procedure 1.560(b) states that in any final judgment the prevailing party may request the Court to instruct judgment debtor to complete under oath the Florida Rule of Civil Procedure Form 1.977 "within 45 days of the order or such other reasonable time as determined by the Court." Fla. R. Civ. P. 1.560(b). "While [a] Judgment Creditor is entitled to conduct discovery in aid of execution, such discovery must seek information that is relevant to executing the judgment against Judgment Debtors." *Pronman*, 2016 WL 4613384 at *3.

---

[4] On August 11, 2021, the District Court granted a motion for Judgment Debtor's counsel to withdraw. (DE 96). The motion to withdraw states that an Order Appointing General Receiver was entered by the Superior Court of Washington, King County, Case No. 20-02-07245 on May 20, 2020 and that the Receiver has not hired Counsel to act as counsel in this matter. (DE 94).

### III. Analysis

Here, Judgment Creditor is entitled to the requested discovery – Judgment Debtor's completed Form 1.977 under oath. Furthermore, Judgment Creditor has established, by unrebutted allegations, that it served a request for Judgment Debtor to complete Form 1.977, and Judgment Debtor has failed to comply with the Court's order to complete Form 1.977 and serve it upon Judgment Creditor's counsel. Therefore, Judgment Creditor's Motion to Compel is due to be **GRANTED** to the extent that it seeks to compel Judgment Debtor to serve a completed Form 1.977 upon Judgment Creditor's counsel pursuant to the District Court's Final Default Judgment.

### Conclusion

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Compel (DE 93) is **GRANTED** to the extent that it seeks to compel Judgment Debtor to complete under oath Form 1.977 and serve it upon Judgment Creditor's counsel;

2. Judgment Debtor shall serve a completed Form 1.977 as directed above **no later than August 23, 2021**;

3. To the extent the motion seeks to compel responses to unspecified discovery requests beyond the completion of Form 1.977, the Motion to Compel is **DENIED**;

4. Judgment Creditor's counsel shall serve a copy of this Order upon Judgment Debtor and promptly file a notice of compliance thereafter.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of August 2021.



Jared M. Strauss
United States Magistrate Judge